UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANAE HOROWITZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERZ NORTH AMERICA, INC.,<br><br>　　　　　Defendant. | Case No. 15-cv-03602-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 37 |

　　　　The court has received the parties' joint discovery letter. [Docket No. 37 (Joint Letter).] In the letter, Defendant Merz North America, Inc. asks for clarification of a portion of the court's March 24, 2016 order granting in part and denying in part Plaintiff Sanae Horowitz's motion to quash various subpoenas to third parties. [Docket No. 31 (Minute Order).]

　　　　While styled as a motion for clarification, Defendant appears to seek reconsideration of the following portion of the court's order: "Defendant's subpoena to [Plaintiff's former employer] St. Jude Medical is quashed, except that Defendant may obtain documents related to any work accommodation requested by or granted to Plaintiff by St. Jude from January 8, 2014 through June 30, 2014." Minute Order. Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of an interlocutory order at any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave

to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

Defendant's motion is procedurally improper, because it did not request leave to file a motion for reconsideration. Moreover, Defendant does not argue that any of the three grounds for reconsideration are present here. Instead, it essentially presents new theories of relevance that it could have presented when the matter was originally briefed and argued. Accordingly, Defendant's motion for reconsideration is denied, except to the extent that Plaintiff has expressed no objection to Defendant obtaining earnings records from St. Jude. The court also notes that Plaintiff has agreed to answer deposition questions regarding any overlap in the time she worked for Defendant and for St. Jude, her earnings at St. Jude, and the accommodations she requested at St. Jude.

Finally, Defendant asserts that it has learned that a third party agency, Volt Workforce Solutions, may have placed Plaintiff to work at St. Jude. Defendant "requests permission from the Court to seek" documents related to Plaintiff's work at St. Jude, including her employment or independent contractor status, wage history, job performance, termination, and workplace accommodations. Joint Letter at 1. Defendant's request is denied as procedurally improper. If Defendant wishes to obtain discovery from a third party, it may issue a subpoena in accordance with Federal Rule of Civil Procedure 45. To the extent Plaintiff objects, the parties shall comply with the court's Standing Order regarding resolution of discovery disputes.

**IT IS SO ORDERED.**

Dated: May 3, 2016



Donna M. Ryu
United States Magistrate Judge

2